IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

DENISE BAZAN, individually and as )
Administrator the Estate of Martha )
Turnage (deceased), )
 )
       Plaintiff, )
vs. ) Cause No.
 )
UNITED STATES OF AMERICA, )
 )
and, )
 )
L.L. BROOKS ENTERPRISES INC., )
a foreign corporation. )
 )
Serve: Registered Agent (MO) )
      Missouri Secretary of State )
      600 West Main )
      Jefferson City, MO 65101 )
 )
 )
       Defendant. )
 )

## **COMPLAINT**

COMES NOW Denise Bazan, individually and as the Administrator of the Estate of Martha Turnage (deceased), by and through undersigned counsel, and Complaining of the Defendant United States of America ["USA"] states:

### JURISDICTION AND VENUE

1.      As to the United States or its employees and agents, this negligence action arises under the Federal Tort Claims Act, 28 U.S.C. §2671 et seq. ["FTCA"], and this Court has jurisdiction pursuant to 28 U.S.C. §1346(b) and §2401(b).

1

2. The United States is the proper party defendant based upon allegations of negligence by an employee or agent of one of its agencies, namely the Defense Commissary Agency ["DCA"]; and/or of the Air Force.

3. The original injury occurred on or about May 17, 2019, and a timely Administrative Claim was filed with the Defense Commissary Agency on April 10, 2020 and upon the Air Force on May 12, 2020. A copy of said Form 95 is attached as Exhibit A.

4. The FTCA Administrative Claim remains pending before the Defense Commissary Agency and the Air Force, and neither has denied the same, and greater than 6 months have passed beyond the filing of the Claim, and therefore this cause is timely filed and this Court has jurisdiction pursuant to 28 U.S.C. §2675(a).

5. This Court has jurisdiction over the claims against L.L. Brooks Enterprises, LLC, a foreign private corporation doing business pursuant to a contract with the Defense Commissary Agency supplying services to the commissary at Whiteman AFB, under its supplemental jurisdiction pursuant to 28 U.S.C. §1367 in that the claims herein are so related to claims against the United States that they form part of the same case or controversy.

5. Venue in this Court is proper as the events or omissions giving rise to the claim at issue occurred within this Court's district.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6. Plaintiff Denise Bazan is the natural daughter of Martha Turnage (deceased) and has been duly appointed as the Administrator of the Estate of Martha Turnage. A copy of said appointment is filed herewith as Exhibit B.

7. Plaintiff, individually, is therefore the proper person to bring a suit herein

2

pursuant to the Missouri Wrongful Death Act, §537.080 RSMo. et seq, and as the Administrator of her mother's Estate is the proper person to bring an action herein pursuant to the Missouri Survival Act, §537.010 et seq. There is one other adult child of decedent, namely Heather Farrar, who has been notified and consents to this suit.

8. At all times relevant hereto, the United States Air Force was an agency of the United States of America, and the United States is the proper party for the claims herein due to the acts or omissions of its employees or agents.

9. At all times relevant hereto, the Defense Commissary Agency was an agency of the United States of America, and the United States is the proper party for the claims herein due to the acts or omissions of its employees or agents.

10. At all times relevant hereto, the Air Force operated Whiteman AFB located in Johnson County, Missouri, and therein owned and/or operated a commissary facility on said base.

11. At all times relevant hereto, the commissary at Whiteman AFB was operated and/or managed by or through the Defense Commissary Agency.

12. At all times relevant hereto, Defendant L.L. Brooks Enterprises Inc was under contract with the Defense Commissary Agency and/or the Air Force to provide services to and at the Whiteman Air Force Base commissary including but not limited to facilities management, and cleaning or maintenance services.

13. At all times relevant hereto, the Air Force, the Defense Commissary Agency, and/or L.L. Brooks Enterprises Inc. had the duty to the public and to Plaintiff's decedent to keep the commissary facility and floor reasonably clean and clear of hazards or dangerous conditions.

3

13. At all times relevant hereto, Martha Turnage was an individual independent contractor working for private independent contractors who supplied and stocked certain commercial items to the Whiteman AFB commissary.

14. At all times relevant hereto, Martha Turnage was properly on the premises of the Whiteman AFB commissary as an invitee, and was well known to the staff, management or employees of the commissary.

15. On or about May 17, 2019 at approximately 3:00 p.m., Denise Bazan was on the premises of the Whiteman AFB commissary and was walking past the checkout lanes or otherwise near the front of the store and she slipped on water spilled or left upon the floor, and fell.

## COUNT I
### Strict Premises Liability- Wrongful Death

COMES NOW Plaintiff by and through undersigned counsel and for COUNT I of her claims against Defendant United States:

1-15. Plaintiff incorporates by reference paragraphs 1 through 15 of the allegations above as paragraphs 1-15 of Count I as if fully set out herein.

16. At that same time and place, Defendant United States by and through the Air Force and/or Defense Commissary Agency, and each of them, owned, operated or controlled the premises of the Whiteman AFB commissary.

17. At all relevant times, there was accumulated water or spilled water in an area where the public and Martha Turnage in particular would be expected to walk.

18. At all relevant times, the accumulated water or spilled water was on a freshly
4

waxed floor.

19. As a result of either or both of the conditions aforesaid, the floor was not reasonably safe.

20. Defendants, and each of them, created the hazardous and/or unsafe condition.

21. Defendants, and each of them, further knew or by using ordinary care could have known of the unsafe condition.

22. Defendants, and each of them, failed to use ordinary care to remove or clean up the hazard;

23. Defendants, and each of them, failed to barricade or warn of the hazard.

24. Defendants, and each of them, knew or had information from which Defendant's agents should have known that persons such as Martha Turnage would not discover such condition or realize the risk of harm.

25. As a direct and proximate result of the dangerous condition of the property as aforesaid, Martha Turnage was caused to fall, and thereby suffered a broken hip, was transferred to a hospital emergency room, was admitted and was caused to undergo medical and/or surgical care for her injuries; Martha Turnage suffered significant physical and emotional pain and damage, including but not limited to aggravations of prior conditions, and was caused to require medical and pharmaceutical care, incurring the costs thereof; Martha Turnage further suffered confinement and inability to conduct her life and affairs outside of the managed care of medical and rehabilitation facilities, was transferred for skilled nursing care and rehabilitation, and died as a consequence of said injuries on June 5, 2019.

26. As a direct and proximate result of the unsafe condition of the premises, and the

fall and the subsequent death of Martha Turnage, the statutory beneficiaries of Martha Turnage have suffered the loss of the care, comfort and society of their mother as well as the loss of her advice and counsel, funeral expenses, and all of the damages permitted pursuant to §537.080, §537.090 RSMO et seq. and otherwise allowed under law.

WHEREFORE, for the reasons stated above, Plaintiff prays this Court enter judgment in her favor and against Defendant United States in an amount reasonable and sufficient to compensate for the damages suffered by Martha Turnage up to her death and for the full measure of loss suffered by Plaintiff and the statutory beneficiaries of Martha Turnage pursuant to the Missouri Wrongful Death Act, for costs of suit, and for such other relief as this Court deems just and proper.

## COUNT II
### Negligence- Wrongful Death

COMES NOW Plaintiff by and through undersigned counsel and for COUNT II of her claims against Defendants United States and L.L.Brooks Enterprises, Inc. states:

1-15. Plaintiff incorporates by reference paragraphs 1 through 15 above as paragraphs 1-15 of Count II as if fully set out herein.

16. At the same time and place of decedent's presence at the Whiteman AFB commissary on or about May 17, 2019, Defendant United States by and through the Air Force and/or Defense Commissary Agency, by and through their respective employees, managers, agents or contractors, had a duty to persons entering the commissary to keep the premises reasonably safe.

17. At that same time and place Defendant L.L. Brooks Enterprises, Inc. had a duty to

6

perform their contractual services and maintain areas of the store in manner that was reasonably safe for invitees or licensees on the premises.

18. At that same time and place, Defendant United States by and through the Air Force and/or Defense Commissary Agency, and/or L.L. Brooks Enterprises, Inc. by and through their respective employees, managers or agents, committed one or more of the following negligent acts or omissions:

   a. Placed a display of flowers within water containers in a location that would be expected to produce a slip hazard by water spills or leakage onto the floor where persons were expected, or required, to walk;

   b. Failed to place, or failed to replace, any mat or protection by or around the area of the flower display to protect persons walking past from water spills or accumulation;

   c. Allowed a water spill to remain on freshly waxed flooring in an area where the public and Martha Turnage in particular would be expected to walk;

   d. Failed to clean up or remedy the water spill in an area where the public and Martha Turnage in particular would be expected to walk;

   e. Failed to barricade or warn of the water spill;

19. Defendants, and each of them, knew or had information from which Defendant's agents should have known that the water spill created an unsafe condition and that persons such as Martha Turnage would not discover such condition or realize the risk of harm.

24. As a direct and proximate result of one or more of the forgoing negligent acts or omissions of Defendants, or any of them, Martha Turnage was caused to fall, and thereby

7

suffered a broken hip, including but not limited to damages to her muscles and tissues, was transferred to a hospital emergency room, was admitted and was caused to undergo medical and/or surgical care for her injuries; Martha Turnage suffered significant physical and emotional pain and damage, including but not limited to aggravations of prior conditions, and was caused to require medical and pharmaceutical care, incurring the costs thereof; Martha Turnage further suffered confinement and inability to conduct her life and affairs outside of the managed care of medical and rehabilitation facilities, was transferred for skilled nursing care and rehabilitation, and died as a consequence of said injuries on June 5, 2019.

26. As a direct and proximate result of the negligence of Defendants, or each of them as aforesaid, and the fall, injury and the subsequent death of Martha Turnage, the statutory beneficiaries of Martha Turnage have suffered the loss of the care, comfort and society of their mother as well as the loss of her advice and counsel, funeral expenses, and all of the damages permitted pursuant to §537.080, §537.090 RSMO et seq. and otherwise allowed under law.

WHEREFORE, for the reasons stated above, Plaintiff prays this Court enter judgment in her favor and against Defendant United States in an amount reasonable and sufficient to compensate for the damages suffered by Martha Turnage up to her death and for the full measure of loss suffered by Plaintiff and the statutory beneficiaries of Martha Turnage pursuant to the Missouri Wrongful Death Act, for costs of suit, and for such other relief as this Court deems just and proper.

## COUNT III
## Strict Premises Liability- Survival Action

COMES NOW Plaintiff as Administrator of the Estate of Martha Turnage (deceased) by and through undersigned counsel and for COUNT III of her claims against Defendant United States:

1-15. Plaintiff incorporates by reference paragraphs 1 through 15 of the allegations above as paragraphs 1-15 of Count III as if fully set out herein.

16. At that same time and place, Defendant United States by and through the Air Force and/or Defense Commissary Agency, and each of them, owned, operated or controlled the premises of the Whiteman AFB commissary.

17. At all relevant times, there was accumulated water or spilled water in an area where the public and Martha Turnage in particular would be expected to walk.

18. At all relevant times, the accumulated water or spilled water was on a freshly waxed floor.

19. As a result of either or both of the conditions aforesaid, the floor was not reasonably safe.

20. Defendants, and each of them, created the hazardous and/or unsafe condition.

21. Defendants, and each of them, further knew or by using ordinary care could have known of the unsafe condition.

22. Defendants, and each of them, failed to use ordinary care to remove or clean up the hazard;

9

23. Defendants, and each of them, failed to barricade or warn of the hazard.

24. Defendants, and each of them, knew or had information from which Defendant's agents should have known that persons such as Martha Turnage would not discover such condition or realize the risk of harm.

25. As a direct and proximate result of the dangerous condition of the property as aforesaid, Martha Turnage was caused to fall, and thereby suffered a broken hip, was transferred to a hospital emergency room, was admitted and was caused to undergo medical and/or surgical care for her injuries; Martha Turnage suffered significant physical and emotional pain and damage, including but not limited to aggravations of prior conditions, and was caused to require medical and pharmaceutical care, incurring the costs thereof; Martha Turnage further suffered confinement and inability to conduct her life and affairs outside of the managed care of medical and rehabilitation facilities, was transferred for skilled nursing care and rehabilitation, and died as a consequence of said injuries on June 5, 2019.

WHEREFORE, for the reasons stated above, Plaintiff as Administrator of the Estate of Martha Turnage (deceased) prays this Court enter judgment in her favor and against Defendant United States in an amount reasonable and sufficient to compensate for the damages suffered by Martha Turnage up to her death, for costs of suit, and for such other relief as this Court deems just and proper.

## COUNT IV
### Negligence- Survival Action

COMES NOW Plaintiff as Administrator of the Estate of Martha Turnage (deceased) by and through undersigned counsel and for COUNT IV of her claims against Defendants United

States and L.L.Brooks Enterprises, Inc. states:

1-15. Plaintiff incorporates by reference paragraphs 1 through 15 above as paragraphs 1-15 of Count II as if fully set out herein.

16. At the same time and place of decedent's presence at the Whiteman AFB commissary on or about May 17, 2019, Defendant United States by and through the Air Force and/or Defense Commissary Agency, by and through their respective employees, managers, agents or contractors, had a duty to persons entering the commissary to keep the premises reasonably safe.

17. At that same time and place Defendant L.L. Brooks Enterprises, Inc. had a duty to perform their contractual services and maintain areas of the store in manner that was reasonably safe for invitees or licensees on the premises.

18. At that same time and place, Defendant United States by and through the Air Force and/or Defense Commissary Agency, and/or L.L. Brooks Enterprises, Inc. by and through their respective employees, managers or agents, committed one or more of the following negligent acts or omissions:

    a. Placed a display of flowers within water containers in a location that would be expected to produce a slip hazard by water spills or leakage onto the floor where persons were expected, or required, to walk;

    b. Failed to place, or failed to replace, any mat or protection by or around the area of the flower display to protect persons walking past from water spills or accumulation;

    c. Allowed a water spill to remain on freshly waxed flooring in an area where the

11

public and Martha Turnage in particular would be expected to walk;

d. Failed to clean up or remedy the water spill in an area where the public and Martha Turnage in particular would be expected to walk;

e. Failed to barricade or warn of the water spill;

19. Defendants, and each of them, knew or had information from which Defendant's agents should have known that the water spill created an unsafe condition and that persons such as Martha Turnage would not discover such condition or realize the risk of harm.

24. As a direct and proximate result of one or more of the forgoing negligent acts or omissions of Defendants, or any of them, Martha Turnage was caused to fall, and thereby suffered a broken hip, including but not limited to damages to her muscles and tissues, was transferred to a hospital emergency room, was admitted and was caused to undergo medical and/or surgical care for her injuries; Martha Turnage suffered significant physical and emotional pain and damage, including but not limited to aggravations of prior conditions, and was caused to require medical and pharmaceutical care, incurring the costs thereof; Martha Turnage further suffered confinement and inability to conduct her life and affairs outside of the managed care of medical and rehabilitation facilities, was transferred for skilled nursing care and rehabilitation, and died as a consequence of said injuries on June 5, 2019.

WHEREFORE, for the reasons stated above, Plaintiff as Administrator of the Estate of Martha Turnage (deceased) prays this Court enter judgment in her favor and against Defendant United States in an amount reasonable and sufficient to compensate for the damages suffered by Martha Turnage up to her death, for costs of suit, and for such other relief as this Court deems just and proper.

THE LAW OFFICES OF DAVID N. DAMICK

/s/ David Damick
David N. Damick, MBEN 38903
One Metropolitan Square, Suite 2420B
211 North Broadway
St. Louis, Missouri 63102-2733
TEL: (314) 231-0570
FAX: (314) 621-8639
dnd@damicklaw.com
Attorneys for Plaintiff

13